CLAUDE CARTER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

## ON RE-HEARING.

1. Where a party to a cause pending in the Supreme Court desires to orally argue the same, he should file a memorandum for such oral argument with the Clerk of such Court at the time he files his brief in the cause, in accordance with the provisions of Supreme Court Rule 21, adopted the 2nd day of March, 1905, prefixed to 51 Fla. and 37 South. Rep.

2. Supreme Court Rule 28, adopted the 2nd day of March, 1905, prefixed to 51 Fla. and 37 South. Rep., provides that criminal cases, and certain other cases specified therein, may be advanced for final hearing by the court, upon its own motion or upon motion of one of the parties. Where the Supreme Court has taken up for consideration and disposition a criminal case, in accordance with such provision, a party who has failed to file any memorandum for oral argument in such cause at the time of filing his brief, in accordance with the provision of Supreme Court Rule 21, is not entitled as a matter of right to orally argue the cause, thereby delaying the disposition of the same.

3. A petition for a rehearing which suggests nothing that has not been fully considered by the court in making its decision should be denied.

Petition for rehearing denied.

*Geo. W. Bassett, Jr.,* for Petition.                  .

PER CURIAM.—The·plaintiff in error has filed the following motion:

"Comes now the plaintiff in error by his attorneys of record in above styled cause and moves this Honorable Court to vacate and set aside its judgment in said cause upon the following grounds:

First.   Under the provisions of Rule 21 of the Rules of the Supreme Court of Florida, matters before this court, in addition to the submission of same on brief, may be orally argued, if desired, in which event a memorandum for such oral argument shall be filed with the Clerk of this Court at the time of filing the brief.  Attorneys of record for the plaintiff in error, in above cause, respectfully submit that memorandum for oral argument was filed October 29th, A. D. 1914, in above cause, but that oral argument was refused and denied for the reason and upon the ground that this court had rendered judgment affirming the lower court on October 28th, A. D. 1914.

Second.   Under the provision of Rule 20 of the Supreme Court of Florida, Paragraph 2 thereof, it is pro· vided 'the plaintiff in error   *   *   *   shall within ten (10) days after the filing of the brief of the defendant in error   *   *   *   file three copies of such replies to adversary's brief as he may desire for the use of the court.'

Plaintiff in error respectfully shows unto this court that the defendant in error filed his brief on the 19th day of October, A. D. 1914; that plaintiff in error mailed his memorandum for oral argument to the Clerk of this Court on the 28th day of October, and that the said memorandum for oral argument in the above and foregoing cause was duly received by the Clerk of this Court on the 29th

day of October, and this plaintiff in error further says that the opinion affirming the judgment of the lower court in above styled cause was rendered on 28th day of October, thereby not allowing the plaintiff in error the full ten (10) days after the filing of defendant in error's brief, as contemplated by the second paragraph of Rule 20 of the Rules of the Supreme Court of Florida.

Third.    It is further respectfully shown unto this Honorable Court that the plaintiff in error did not file any brief in reply to his adversary's brief, as is provided for under Paragraph 2 of Rule 20, but he says in lieu thereof, and in accordance with Rule 21 of the Rules of this Court, plaintiff in error, by his attorneys of record in said cause filed with the Clerk of this Court on 29th day of October, A. D. 1914, his memorandum for oral argument, advising this court as to certain assignments of error intended to be argued orally.

Wherefore, plaintiff in error respectfully prays that this court vacate and set aside the judgment rendered in above cause affirming the judgment of the lower court and grant unto the plaintiff in error that right which is guaranteed unto him under the provision of Section 11 of the Bill of Rights, and contemplated by Paragraph 2 of Rule 20 of the Rules of this Court, in that he may be allowed an opportunity to appear by counsel, before this Honorable Court, and argue those matters which have been set out and mentioned in his memorandum for oral argument heretofore filed."

We shall treat this motion as being in the nature of a petition for rehearing, though the plaintiff in error has also filed another paper which he has entitled "Petition for rehearing," and which we shall discuss in so far as we think that it merits discussion.

We find that the transcript of the record in this cause was filed on the 31st day of July, 1914, and that the plaintiff in error did not file his brief therein until the 10th day of October, 1914, though Supreme Court Rule 20, adopted the 18th day of July, 1908, prefixed to 55 Fla. and 46 South. Rep., provides that the plaintiff in error or appellant shall, within 30 days after the return of the cause, file with the clerk of this court four copies of his brief. Our docket shows that the brief of the plaintiff in error in the instant case was filed, after the time fixed by the rule had expired, under agreement, presumably with the Attorney General. The brief for the defendant in error was filed on the 19th day of October, 1914. No reply brief was ever filed by the plaintiff in error nor was any memorandum for oral argument filed by him, in accordance with the provision of Supreme Court Rule 21, adopted the 2nd day of March, 1905, prefixed to 51 Fla. and 37 South. Rep., that "In addition to the submission of a cause on briefs as provided by the rules of this court, either party may orally argue the case, if desired, in which event a memorandum for such oral argument shall be filed with the clerk at the time of filing the briefs." Supreme Court Rule 28, which was adopted at the same time as Rule 21, referred to above, reads as follows: "Criminal and *habeas corpus* cases, causes in which the State is the real party in interest, and causes which are entitled to advancement by statute or rule of this court, may be advanced for final hearing by the court, upon its own motion or upon motion of one of the parties."

Neither party having filed with the clerk at the time of filing the briefs any memorandum for oral argument, as provided by Rule 21, in accordance with Rule 28, we, of our own motion, took up the instant case for consideration and disposition, but the opinion prepared therein was

not filed on the 28th day of October, 1914, as stated by the plaintiff in error in his motion, but on the 30th day of October, 1914, after the 10 days allowed by Rule 20 to the plaintiff in error for filing his reply brief had expired. It is obvious from what we have said that that motion is not well grounded, therefore it must be denied.

We now take up for consideration the paper entitled "Petition for rehearing." It is urged that we did not sufficiently consider the first assignment of error, which we copied in the opinion, so there is no occasion to repeat it here. It will be observed that the sole point presented for determination thereby was as to whether or not the trial judge erred in overruling the objection interposed by the defendant to the prosecuting witness testifying while holding an infant upon her lap. We have nothing to add to what we said in the opinion. The trial judge did not know whether the testimony to be adduced would connect the infant with the case in any way, so properly overruled the objection. No assignment is predicated upon the admission of any testimony relating to the infant or connecting it in any way with the defendant, so there is nothing of that kind before us for consideration. It is also urged that we did not sufficiently consider the assignments relating to certain language used by the State Attorney in his argument to the jury. In reply to this contention we would state that we did most carefully consider such language and reached the conclusion that no abuse of the judicial discretion vested in the trial court had been made to appear to us. The petition for rehearing will be denied.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.

COCKRELL, J., takes no part.